EXECUTORS—ACCOUNTING—TIME FOR ACCOUNT—STATUTES.

Code Civ. Proc. §§ 2726, 2728, authorize an executor to account voluntarily, and provide that the surrogate may compel settlement of the account of an executor after the expiration of a year from the issuance of letters to him. Section 2593 declares that when it is prescribed by law that an act with respect to the estate of a decedent must or may be done within a specified time after letters testamentary are issued, and successive or supplementary letters are issued on the same estate, the time so specified must be reckoned from the issuing of the first letters, save in a case where it is otherwise prescribed by law. Held, that where one of two executors failed to qualify, and after the death of the one to whom letters were issued, seven years before, letters were issued to the other, she could not be compelled to account before the expiration of a year from the issuance of the letters to her; section 5593 not applying to an act which may only be done after the expiration of a specified time after the issue of letters, and the case not being within the section, since it is specially prescribed by law that the account of an executor may not be had until the expiration of a year from the issuance of letters to him.

Petition to compel the judicial settlement of the account of Norah L. Crowley, executrix of the estate of James Crowley, deceased. Petition denied.

Corbin & O'Ryan, for estate of Eliza Crowley, deceased.

Michael J. Scanlan, for respondent.

THOMAS, S. The proceeding is to compel judicial settlement of the account of Norah L. Crowley, as executrix. By the will of the decedent, his wife, Elizabeth Crowley, and his daughter, Norah L. Crowley, were named as executrices, and they were also made residuary legatees to share equally in his estate, after the payment of funeral expenses and expenses of administration. On May 9, 1893, letters testamentary were issued to Elizabeth Crowley, Norah L. Crowley not qualifying. In March, 1900, Elizabeth Crowley died, leaving the administration of the estate uncompleted. On April 27, 1900, letters testamentary were issued to Norah L. Crowley, and in July she collected and received something over $6,000, being the amount due on a mortgage representing a part of the estate. The petitioner is the administrator of the estate of Elizabeth Crowley.

It thus appears that more than seven years have expired since letters were first issued, and that less than one year has expired since letters were first issued to the executrix who is proceeded against. The question presented is as to the power of the surrogate to require an accounting at this time. The language of the statute is that the surrogate's court may compel a judicial settlement of the account of an executor or administrator when one year has expired since letters were issued "to him." Code Civ. Proc. § 2726. An executor or administrator may proceed voluntarily to procure his account to be judicially settled where one year has expired since letters were issued "to such executor or administrator." Code Civ. Proc. § 2728. It would seem that these provisions were sufficiently explicit, and that the application must be denied. There are some decisions which do not point to this result, and, though I cannot agree with them, they should be referred to. In Cuthbert v. Jacobson, 2 Dem. Sur. 134, upon somewhat similar facts, Bergen, S., on his own motion and without argument, directed an accounting on the ground that the year should be computed from the granting of the first letters; citing Code Civ. Proc. § 2593. This section is to the effect that "where it is prescribed by law that an act, with respect to the estate of a decedent, must or may be done within a specified time after letters testamentary or letters of administration are issued, and successive or supplementary letters are issued upon the same estate, the time so specified must be reckoned from the issuing of the first letters, except in a case where it is otherwise specially prescribed by law." It is not applicable to the present question because the act of accounting and procuring a judicial settlement is not required to be done "within a specified time after" the issue of letters. The provision has application only to acts which must or may be done, if at all, within a specified limited time, reckoned from the granting of letters. Such an act is the filing of a petition in a proceeding to sell land for the payment of debts within three years after letters issued. Code Civ. Proc. § 2750. It does not apply to an act which may only be done after the expiration of a specified time after the issue of letters, and can only be compelled after the expiration of that time. And, even if that provision had application, this case is not within it, because it is "specially prescribed by law" that the judicial settlement of the account of an executor can only be compelled when one year has expired after letters were issued "to him." In Re Burling, 5 Dem. Sur. 47, Coffin, S., distinguished an administrator de bonis non from an administrator receiving the original letters, and permitted him to account and distribute after one year from the issue of the original letters. This case is different in its facts from the one now before me, and, even if correct in its conclusions, has no application. A decision of Rollins, S., sustains my conclusion. In re Menck's Estate, 5 N. Y. St. Rep. 341. The application is denied on the ground of want of power to direct a judicial settlement of the account of the executrix before the expiration of a year from the time of the granting of letters to her.

Application denied.